UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARVIN BROWN**                                         **CIVIL ACTION**

**VERSUS**                                               **NO. 06-5751**

**LOUISIANA STATE LEGISLATIVE**                          **SECTION: "J"(1)**

### REPORT AND RECOMMENDATION

Plaintiff, Marvin Brown, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Louisiana Legislature. In this lawsuit, plaintiff asks that the legislature be required to clarify the state criminal law against obscenity.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[1] federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[2] the Court finds that his complaint lacks any arguable basis

---

[1] Rec. Docs. 2 and 3.

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.[3]

In this lawsuit, plaintiff states his claim as follows:

> The Louisiana legislative never made it clear as to what part of the jail and prison was open to the public. The Louisiana legislative incorporated jails & prisons into the obscenity law when the obscenity law was already established.[4]

As relief, he requests: "I'd like for the Court to order the Louisiana legislative to clarify the obscenity law and to say where in the jails or prison that an inmate could be charged with obscenity."[5]

Even if this Court had jurisdiction to consider this complaint, it would not have the authority to compel the state legislators to act as plaintiff requests. See Noble v. Cain, 123 Fed. App'x 151, 152 (5th Cir. 2005) (a federal court has no authority to issue a writ of mandamus directing state officials in the performance of their duties and functions). However, pursuant to the Eleventh Amendment, this Court lacks jurisdiction in this matter.

---

[3] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

[4] Rec. Doc. 1, § IV, p. 4.

[5] Rec. Doc. 1, § V, pp. 4-5. It is not evident from the complaint why this is a matter of concern to plaintiff. If it is because he has been convicted of obscenity based on events in prison, his recourse is to challenge his conviction by filing a timely petition for federal *habeas corpus* relief after exhausting his remedies in state court.

"Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state." Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996). That sovereign immunity generally extends to suits against a state legislature. See, e.g., Dade v. Entz, 83 Fed. App'x 676, 677 (5th Cir. 2003); McFarland v. Folsom, 854 F. Supp. 862, 872 (M.D. Ala. 1994). Regardless of whether a plaintiff is seeking money damages or injunctive relief, the Eleventh Amendment bar applies unless the state has waived its immunity. Louisiana has expressly refused any waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002); La.Rev.Stat.Ann. § 13:5106(A).[6] Because sovereign immunity deprives the Court of jurisdiction, plaintiff's claims should be dismissed without prejudice. Warnock, 88 F.3d at 343.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[6] The United States Fifth Circuit Court of Appeals also noted:

> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281.

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of September, 2006.

                                                                                         _____
                                                                                         **SALLY SHUSHAN**
                                                                                  **UNITED STATES MAGISTRATE JUDGE**